In the Matter of KRISTEN BURCH, Respondent, v MICHAEL WILLARD, Appellant. [870 NYS2d 141]—

Rose, J.

Petitioner (hereinafter the mother) and respondent (hereinafter the father), who were divorced in 2000, consented to joint legal custody of their two daughters (born in 1995 and 1996), with the father to have primary physical custody and the mother to have custodial time on alternate weekends. Nearly two years after the last of a series of consent orders was entered, the mother commenced this proceeding seeking modification of custody. Following a fact-finding hearing and a *Lincoln* hearing with both children, Family Court concluded that there had been a change in circumstances and that it would be in the children's best interests to grant the parties equal custodial time alternating on a weekly basis. The father appeals.

While an existing voluntary custody arrangement "will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the children" (*Matter of Gaudette v Gaudette*, 262 AD2d 804, 805 [1999], *lv*

*denied* 94 NY2d 790 [1999]), an arrangement created by the parties is accorded less weight than one devised by the court after a full hearing (*see Matter of Martin v Martin,* 45 AD3d 1244, 1245 [2007]; *Matter of Norwood v Capone,* 15 AD3d 790, 792 [2005], *appeal dismissed* 4 NY3d 878 [2005]). In addition, while not dispositive, the express wishes of older and more mature children can support the finding of a change in circumstances (*see Matter of Oddy v Oddy,* 296 AD2d 616, 617 [2002]; *Tirschwell v Beiter,* 295 AD2d 266, 266 [2002]; *Matter of Bowers v Bowers,* 266 AD2d 741, 742 [1999]).

Here, the record supports Family Court's findings that the father unreasonably restricts contact between the children and the mother, his conflicts with the mother have adversely affected the children, and he does not consult with the mother regarding the children's medical and education issues. Significantly, the children are now older and exhibit a high level of intelligence and maturity, and they have expressed a desire to spend more time with the mother. Their Law Guardian underscored this desire and advocated for an increase in the mother's custodial time with them. According deference to Family Court's assessment of credibility (*see Matter of Diffin v Towne,* 47 AD3d 988, 990 [2008], *lv denied* 10 NY3d 710 [2008]; *Matter of Robinson v Cleveland,* 42 AD3d 708, 710 [2007]; *Matter of Lopez v Robinson,* 25 AD3d 1034, 1035 [2006]), we agree that these factors constitute a change in circumstances sufficient to justify modification of the prior custody arrangement.

Given these circumstances and our own review of the record, Family Court's decision to grant the parties equal custodial time and require improved communication between them by continuing joint legal custody, while including in its order detailed provisions promoting each party's right and opportunity to participate in medical and other decisions regarding the children, has a sound and substantial basis in the record and promotes the children's best interests (*see Matter of Roe v Roe,* 33 AD3d 1152, 1154 [2006]; *Redder v Redder,* 17 AD3d 10, 13 [2005]).

Mercure, J.P., Carpinello, Kane and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.