■ In the Matter of SHAWN M. BILLETS, Respondent, v STACIE A. BUSH, Appellant. (And Another Related Proceeding.) [881 NYS2d 195]—

McCarthy, J. Appeal from an order of the Family Court of Essex County (Meyer, J.), entered December 24, 2007, which granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

In August 2006, Family Court entered a consent order maintaining joint legal custody of the parties' daughter (born in 1999), with primary physical custody to respondent (hereinafter the mother), who lives in Essex County, and visitation and designated telephone contact to petitioner (hereinafter the father), who lives in Rensselaer County. In March 2007, the

---

father filed the present application seeking primary physical custody due to the child's excessive absenteeism at school, the mother's failure to attend to the child's medical needs and because the child was spending more time in the care of the maternal grandmother than the mother. Following fact-finding and *Lincoln* hearings, Family Court maintained joint custody but transferred primary physical custody to the father with visitation to the mother. The mother appeals.

We begin by noting that Family Court specifically found that the mother lied about many significant matters during her testimony, ranging from her work hours and time spent out of town to her conduct surrounding the child's dire need for dental treatment. Accepting this assessment of credibility by the court (*see Matter of Adams v Bracci*, 61 AD3d 1065, 1067 [2009]; *Matter of Burch v Willard*, 57 AD3d 1272, 1273 [2008]), the proof at trial established that the mother abdicated her parental responsibilities to the maternal grandmother, deliberately frustrated and interfered with the father's communications with the child, demonstrated a lack of concern for the child's pressing and painful dental problems, failed to obtain expedient and necessary dental treatment for the child out of animosity toward the father and overall provided little guidance to her. The proof further established that the child had many unexcused absences from school while in the mother's care and that the mother's living situation was not particularly stable. The father, on the other hand, took appropriate steps to ensure that the child's dental needs were addressed, has a stable job with flexible and regular hours and has a stable home life with extended family in the area. Given these facts and circumstances, Family Court's holding—that a transfer of physical custody to the father was both supported by a change in circumstances and promotes the child's best interest—has a sound and substantial basis in the record (*see Matter of Adams v Bracci*, 61 AD3d at 1067; *Matter of Burch v Willard*, 57 AD3d at 1273; *Matter of Goldsmith v Goldsmith*, 50 AD3d 1190, 1191 [2008]; *Matter of Esterle v Dellay*, 281 AD2d 722, 726 [2001]).

Next, while Family Court erred in sua sponte taking judicial notice of prior orders pertaining to the mother's fiancé following the conclusion of the fact-finding hearing (*see Matter of Justin EE.*, 153 AD2d 772, 774 [1989], *lv denied* 75 NY2d 704 [1990]), this error was harmless when considering the proof submitted in support of the modification petition (*see Matter of Anjoulic J.*, 18 AD3d 984, 987 [2005]; *Matter of Justin EE.*, 153 AD2d at 774). Finally, we are unpersuaded, upon our review of the record, that the mother received ineffective assistance of counsel (*see e.g. Matter of Brenden O.*, 20 AD3d 722, 723 [2005]).

Mercure, J.P., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.