■ In the Matter of JOHN RUE, SR., Respondent, v TAMMY CARPENTER, Appellant. [893 NYS2d 696]—

Cardona, P.J.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two daughters (born in 1999 and 2000). Pursuant to an August 2003 order entered upon stipulation, the parties shared joint legal custody, with the mother having primary physical custody and the father having visitation, among other times, on alternate weekends. In November 2007, the father commenced this proceeding seeking

primary physical custody of the children, alleging an unstable and abusive home environment with the mother. Following fact-finding and *Lincoln* hearings, Family Court granted the father primary physical custody and this appeal by the mother ensued.*

Modification of an established custody arrangement requires "a showing of sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child" (*Matter of Martin v Martin*, 61 AD3d 1297, 1298 [2009] [internal quotation marks and citation omitted]). Here, the record is replete with evidence demonstrating such change in circumstances since the 2003 custody order, with respect to both the mother and the children. Specifically, the mother has had a long-term tumultuous relationship with her live-in boyfriend, who has a history of mental health issues. She admitted at the hearing that the boyfriend subjected her to domestic abuse in front of the children and the record establishes that he belittled the children. The police were called to the residence numerous times due to these incidents, resulting in the boyfriend being arrested on two occasions and charged with, among other things, endangering the welfare of the subject children. Although the mother testified that she no longer lived with the boyfriend, she admitted that shortly after that relationship ended, she began an intimate relationship with his brother.

Additionally, along with the evidence of the generally unruly behavior of both children, the record establishes that the younger daughter regularly fell asleep during school and had numerous absences in a single academic year. Furthermore, her inability "to accept and obey the school rules" ultimately led to her expulsion. The record demonstrates that she was aggressive at school as well as at home. The foregoing amply supports Family Court's finding that there was a change in circumstances sufficient to determine whether a modification of custody is in the children's best interests.

In deciding whether a change in custody is warranted, the parties' stipulated custody arrangement is one factor to be considered, "along with the quality of the respective home environments, the child's wishes, the length of time the present custody arrangement has been in place and each parent's past performance, relative competence and capacity to provide for

---

* We note that a digital tape recording of a conversation between the parties was entered into evidence as petitioner's exhibit No. 1; however, it appears that such evidence was subsequently misplaced and therefore this Court was unable to review that recording.

and direct the child's development" (*Matter of De Hamel v Porto*, 22 AD3d 893, 894 [2005]; *see Matter of Eck v Eck*, 57 AD3d 1243, 1244 [2008]). Family Court's determination will not be disturbed if supported by a sound and substantial basis in the record (*see Matter of Eck v Eck*, 57 AD3d at 1244).

Here, giving deference to Family Court's credibility determinations (*see id.*), we agree with Family Court that transfer of primary physical custody to the father is warranted. To that end, the mother has moved twice without prior notice to the father, resulting in a 45-minute commute for the father to exercise his visitation. Evidence pertaining to the environment in the mother's home established that, in addition to constantly fighting with her former boyfriend, the mother regularly screamed at the children, used vulgar language and made graphic sexual remarks in their presence. Furthermore, she disparaged the father in front of the children and was not forthcoming when he requested information about the children's medical condition, particularly as it related to their seizure disorders. Testimony also established that the mother, who also has other children in the home, is struggling financially.

In contrast, the father currently lives alone and has sufficient means of support. He regularly exercised his visitation with his children and, according to testimony in the record, appropriately interacted with, as well as disciplined, the children. Although the record demonstrates certain shortcomings on the part of the father, under the totality of circumstances herein (*see Eschbach v Eschbach*, 56 NY2d 167, 173-174 [1982]), a sound and substantial basis in the record exists to support Family Court's determination and, therefore, it will not be disturbed.

Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.