■ In the Matter of ERIC HURLBURT, Respondent, v CRYSTAL BEHR, Appellant. [897 NYS2d 271]—

Rose, J. Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered May 14, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

After a hearing in this contested custody proceeding, Family Court continued joint custody of the parties' child (born in 2005), but changed primary physical custody from respondent (hereinafter the mother) to petitioner (hereinafter the father). On appeal, the mother initially asserts that she had been unaware that the lawyers assigned to represent the child and the father were, respectively, the Chenango County Public Defender and an Assistant Public Defender, and she contends that this constituted simultaneous representation in violation of former Code of Professional Responsibility Canon 5. The relevant provisions of the former Code were designed to prevent lawyers in the same law firm from engaging in simultaneous representation of two or more clients in the same matter without having first disclosed the potential conflict to those clients and obtained their consent (*see* former 22 NYCRR 1200.24 [b], [c], [d]). Inasmuch as the mother's assigned lawyer was not from the Public Defender's office, however, her consent was not required. Nor is there anything in the record suggesting that the Law Guardian was beholden or biased in representing the child due to his assistant's representation of the father (*see Matter of Lovitch v Lovitch*, 64 AD3d 710, 711-712 [2009]; *Matter of Wolfgang N.*, 179 AD2d 1090 [1992], *lv denied* 79 NY2d 756 [1992]; *compare Davis v Davis*, 269 AD2d 82, 85-86 [2000]).

Given that the Public Defender and his assistants have separate office addresses, and that there is no showing that client information flowed freely among them, we will not presume that the child's representation was in any way inhibited or restrained (*see People v Wilkins*, 28 NY2d 53, 56-57 [1971]; *compare Matter of Ruth TT.*, 283 AD2d 869, 870-871 [2001]).

The mother next contends that she received ineffective assistance of counsel. To establish this claim, the mother must demonstrate that she was deprived of meaningful representation as a result of her lawyer's deficiencies (*see Matter of Hudson v Hudson*, 279 AD2d 659, 661-662 [2001]; *Matter of Thompson v Jones*, 253 AD2d 989, 990 [1998]).* Her allegations that her attorney should have objected to the amendment of the father's petition to seek custody, that he was unprepared to proceed with a hearing on custody, and that he should have called her and other witnesses on her behalf fail to meet that standard. In response to the amendment of the father's petition, the mother's attorney acknowledged that he was not surprised, and the record does not suggest that more time was needed to prepare for the hearing. Nor was it necessary for him to call the mother as a witness because the father had called her to testify and her attorney fully explored the relevant issues during cross-examination. In addition, on appeal, the mother concedes that her attorney's cross-examination of the father was well done and merely speculates that other evidence would have supplemented the case against a change in custody. As for the fact that the mother's attorney did not call the child's maternal grandmother or the caseworker who conducted home studies of the parties' residences, the mother fails to show that those omissions were the result of any neglect on counsel's part. While the child's grandmother likely could have provided relevant evidence, she had left the jurisdiction and was not available to testify. In any event, it is mere speculation that the grandmother's testimony would have been more helpful than harmful to the mother (*see Matter of Troy SS. v Judy UU.*, 69 AD3d 1128, 1133-1134 [2010]; *Matter of Brenden O.*, 20 AD3d 722, 723 [2005]). Moreover, since the home study report found the mother's home to be in poor condition with half of it uninhabitable, a leaky roof, an unguarded wood stove and holes in its foundation, we cannot say that her attorney's decision not to

* To the extent that previous decisions of this Court have required a showing of actual prejudice as part of the ineffective assistance of counsel analysis under the NY Constitution, we decline to follow them (*see e.g. People v Roberts*, 63 AD3d 1294, 1295 [2009]; *Matter of Chaquill R.*, 55 AD3d 975, 977 [2008], *lv denied* 11 NY3d 715 [2009]; *Matter of Matthew C.*, 227 AD2d 679 [1996]; *People v Frascatore*, 200 AD2d 860, 861 [1994]).

call the caseworker to testify about the report was anything other than a legitimate trial strategy (*see Matter of Hissam v Mackin*, 41 AD3d 955, 957 [2007], *lv denied* 9 NY3d 809 [2007]; *Matter of Michael DD.*, 33 AD3d 1185, 1186-1187 [2006]; *Matter of Anson v Anson*, 20 AD3d 603, 605 [2005], *lv denied* 5 NY3d 711 [2005]).

Finally, we are unpersuaded by the mother's argument that the record does not support Family Court's decision to change physical custody of the child. It is well settled that to modify an existing custody arrangement, the parent must demonstrate that a substantial change in circumstances occurred that necessitates a modification to further the best interests of the child (*see Matter of Cool v Malone*, 66 AD3d 1171, 1172-1173 [2009]; *Matter of Passero v Giordano*, 53 AD3d 802, 803 [2008]). In addition, Family Court's determination of these issues will be upheld unless it lacks a sound and substantial basis in the record (*see Matter of Siler v Wright*, 64 AD3d 926, 928 [2009]). While Family Court gave a variety of reasons for finding a change in circumstances here, we need only consider the mother's neglect of this four-year-old child's dental health, which resulted in severe tooth decay requiring root canal procedures and caps, and the mother's absence from the child's home for roughly seven months prior to the hearing. These occurrences amounted to a substantial change in circumstances warranting Family Court to consider the child's best interests.

The factors to be considered in assessing best interests include, among other things, the length of time the present custody arrangement has been in place, the quality of the parents' respective home environments, and each parent's past performance, relative competence and capacity to provide for and direct the child's development (*see Matter of Siler v Wright*, 64 AD3d at 928). Here, the evidence established that the mother had neglected the child's dental health, was cavalier about the child's risk of being burned by an unguarded wood stove, and had allowed the child to be dirty and suffer from a burn, lice infestation and urinary tract infections. In addition, the record shows that the mother had regularly entrusted the care of the child to her boyfriend and the grandmother, with the grandmother unilaterally denying the father visitation on some occasions. The evidence further showed that the mother was overwhelmed and could not properly care for all three of her children at the same time, and that she had no viable plan to support them. Moreover, there was evidence that the mother and her boyfriend spend significant amounts of money on cigarettes even though she is only occasionally employed and their

household is on the brink of financial disaster. By contrast, the evidence showed that the father has a stable and suitable home and an adequate income, and he engages in positive educational and social activities with the child. Given Family Court's review of each parent's strengths and weaknesses, the record provides a sound and substantial basis for its determination to change custody (*see Matter of Richardson v Alling*, 69 AD3d 1062, 1064 [2010]; *Matter of Cool v Malone*, 66 AD3d at 1172-1173; *Matter of Billets v Bush*, 63 AD3d 1203, 1204 [2009]; *Matter of Memole v Memole*, 63 AD3d 1324, 1325-1326 [2009]).

Peters, J.P., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.