In the Matter of DAVID P. ARIEDA, Respondent, v DEBORAH A. ARIEDA-WALEK, Appellant. (And Two Other Related Proceedings.) [901 NYS2d 766]—

Cardona, P.J. Appeal from an order of the Family Court of Washington County (Pritzker, J.), entered July 14, 2009, which, among other things, granted petitioner's application, in three proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two sons (born in 1997 and 2001). In 2002, the parties divorced in Wisconsin and, pursuant to their settlement agreement, shared joint legal custody, with the mother having primary physical custody of the children. Eventually, both parties moved to New York and, in April 2007, Family Court entered an order, on stipulation, pursuant to which joint legal custody was continued and, among other things, physical custody would be shared on an alternating weekly basis.

After various disputes between the parties, in November 2008, the father commenced one of the subject proceedings herein seeking to modify the 2007 order so that he would be granted physical custody of the children, with reasonable visitation to the mother. In the petition, the father alleged that the mother violated Family Court's directives by, for example, failing to facilitate his telephone contact with the children and participate in family counseling. The father also contended that the mother created an unstable environment for the children as a result of

her ongoing altercations with neighbors, which involved numerous unfounded complaints by her to the police. Along with the modification petition, the father filed two additional petitions alleging violations of court orders. Following fact-finding and *Lincoln* hearings, Family Court found, among other things, that the standards for modification of the prior custody order had been met and the best interests of the children warranted granting the father's petition. The court continued joint legal custody of the children but awarded primary physical custody to the father, prompting this appeal.

"Modification of an established custody arrangement requires a showing of sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child[ren]" (*Matter of Rue v Carpenter*, 69 AD3d 1238, 1239 [2010] [internal quotation marks and citation omitted]; *see Matter of Terry I. v Barbara H.*, 69 AD3d 1146, 1147 [2010]). Here, the record supports Family Court's finding that such a change in circumstances occurred. The mother testified to her noncompliance with certain provisions of the prior order, including the directive to facilitate the children's telephone contact with their father. Although she attempted to present extenuating circumstances or attribute her lack of compliance to misunderstandings, the court did not find her explanations to be consistent or completely credible. The court also found significance in the extensive evidence demonstrating what was described as "paranoid" behaviors in response to the turbulent disputes with her neighbors.*

Having determined that a sufficient "change [in] circumstances had occurred which impacted upon the child[ren]'s best interests" (*Matter of Zwack v Kosier*, 61 AD3d 1020, 1021 [2009], *lv denied* 13 NY3d 702 [2009]; *see Matter of Kowatch v Johnson*, 68 AD3d 1493, 1494 [2009], *lv denied* 14 NY3d 704 [2010]), Family Court was then required to conduct a best interest analysis in the context of a number of relevant factors, including "the relative fitness, stability, past performance, and home environment of the parents, as well as their ability to guide and nurture the children and foster a relationship with the other parent" (*Matter of Cukerstein v Wright*, 68 AD3d 1367, 1368 [2009]). Applying the factors herein, Family Court focused on the mother's demonstrated difficulties in complying with court directives and fostering the children's relationship with their father. In addition, it is apparent that the mother's ongo-

---

* Contrary to the mother's argument, Family Court did not "render a mental health diagnosis." Instead, the court evaluated her behavior as it was relevant to the custody analysis.

ing disputes with her neighbors and resulting concern over the children being raised in an unstable environment (*see Matter of Richardson v Alling,* 69 AD3d 1062, 1064 [2010]) clearly weighed in the court's determination—considerations which were echoed to a certain extent in the forensic report from the psychologist who evaluated the family. Under these circumstances and according deference to the court's fact-finding and credibility determinations, we conclude that the order transferring physical custody to the father is supported by a sound and substantial basis in this record (*see id.* at 1064; *Matter of Solomon v Long,* 68 AD3d 1467, 1469 [2009]).

Finally, the mother contends that she received ineffective assistance of counsel. Notably, in evaluating such a claim, this Court considers the totality of the circumstances and determines whether the litigant has "demonstrate[d] that [he or] she was deprived of meaningful representation as a result of [the] lawyer's deficiencies" (*Matter of Hurlburt v Behr,* 70 AD3d 1266, 1267 [2010]; *see Matter of Gerald BB.,* 51 AD3d 1081, 1083 [2008], *lv denied* 11 NY3d 703 [2008]). Here, the record reveals that counsel assisted the mother in explaining her behavior, which appears to be an appropriate strategy considering that her disputes with neighbors were well-documented. Moreover, counsel cross-examined some of the witnesses and made appropriate objections, several of which were sustained. Significantly, Family Court's decision appears to accurately detail the mother's position on the issues. Thus, while counsel's representation was not flawless, under the circumstances herein, we find that the mother, nevertheless, received meaningful representation.

Spain, Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.