■ In the Matter of PAUL T., Respondent, v ANN-MARIE T., Appellant. (And Two Other Related Proceedings.) [904 NYS2d 585]—

Egan Jr., J. Appeal from an order of the Family Court of Madison County (McDermott, J.), entered August 31, 2009, which, among other things, granted petitioner's application, in three proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of a daughter (born in 1992) and a son (born in 1998). In a consent order entered in 2002, the parties were awarded joint legal custody of the children, with physical custody to the mother and visitation to the father. In 2009, the father filed three petitions, one seeking modification of the prior custody order, requesting primary custody of the son, another seeking enforcement of the visitation order and the third alleging that the mother had disobeyed a court order prohibiting the parties from removing either child from the state without each other's permission.* After holding hearings, including a *Lincoln* hearing, Family Court dismissed the petition concerning the violation of the prior order, but found that the mother had interfered with the father's visitation with the son and, finding that it was in the son's best interest, awarded sole legal custody of the son to the father, with visitation to the mother. The mother appeals.

We affirm. Initially, in that there is no dispute that the hostility between the parties precludes the continuation of joint custody, we review whether Family Court's award of sole custody to the father was in the son's best interest (*see generally Matter of Hildenbrand v Hildenbrand*, 37 AD3d 981, 981 [2007]). A petitioner seeking a modification of an existing custody order must demonstrate a "showing of sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child" (*Matter of Van Hoesen v*

---

* The mother subsequently filed a family offense petition against the father on behalf of the daughter. Family Court originally scheduled a combined hearing on all four petitions, but severed the family offense petition from these proceedings after granting the motion of the daughter's attorney to remove herself from representing the daughter at the hearing.

*Van Hoesen*, 186 AD2d 903, 903 [1992]; *accord Matter of Passero v Giordano*, 53 AD3d 802, 803 [2008]). In making such determinations, Family Court is accorded due deference in its credibility determinations and factual findings, and we will not disturb them unless they lack a sound and substantial basis in the record (*see Matter of Troy SS. v Judy UU.*, 69 AD3d 1128, 1131 [2010], *lv dismissed and denied* 14 NY3d 912 [2010]; *Matter of Richardson v Alling*, 69 AD3d 1062, 1064 [2010]).

Here, Family Court found that the son had missed an excessive amount of school and that the explanations of the mother for the absences were not credible. Additionally, the mother testified that she stopped monitoring the son's agenda notebook from school, which contained his assignments and correspondence from his teachers, explaining that the son told her it no longer needed to be signed. Further, the mother admitted that, based upon a finding that the mother had failed to respond to phone calls and e-mails from school officials concerning the absences, the Madison County Department of Social Services informed her that it had filed a petition against her concerning the educational neglect of the son. Inasmuch as school records reflect that the son missed an excessive amount of school time and the mother failed to respond to the concerns of school officials to the point where the Department of Social Services became involved, we find that there is a sound and substantial basis for Family Court's finding that there was a change in circumstances sufficient to proceed to a best interest analysis (*see Matter of Terry I. v Barbara H.*, 69 AD3d 1146, 1148 [2010]; *Matter of Crocker v Crocker*, 307 AD2d 402, 402-403 [2003], *lv denied* 100 NY2d 515 [2003]).

"In evaluating the best interests of the child, a court must consider numerous factors, including the quality of each parent's home environments, their past performance and stability, and each parent's relative fitness and ability to provide for the child's intellectual and emotional development" (*Matter of Calandresa v Calandresa*, 62 AD3d 1055, 1056 [2009] [citations omitted]; *see Matter of Eck v Eck*, 57 AD3d 1243, 1244 [2008]). The record establishes that, while living with the mother, the daughter also missed an excessive amount of school during the 2007-2008 school year, culminating in her having to repeat the tenth grade, and that she missed three months of classes during the following academic year and ultimately left school. Based upon the son's similar attendance records and scholastic performance, we share Family Court's concern that the son is following the daughter's educational path. Further, in April 2009, the mother allowed the daughter to move to California to live

with her boyfriend, whom she had met on the Internet, and his family, without informing the father. There is also evidence in the record that the mother's family interfered with the son's relationship with his assigned attorney, making sure that he never met with her without a family member present, despite his professed interest in speaking with his attorney alone. The mother also has failed to keep the father apprised of special events in the son's life, including Boy Scout awards and ceremonies. In contrast, the father has expressed his concern with the son's education and has met with his teachers and school officials. He has a stable home life, living with his fiancée and her three daughters, ages 9, 14 and 16. While the father is not without his own shortcomings and, as noted by Family Court, awarding custody to the father results in the son being separated from his sibling and leaving his current school, friends and Boy Scout troop, according due deference to Family Court's credibility determinations and factual findings, we conclude that the award of sole custody to the father has a sound and substantial basis in the record.

Finally, we reject the contention that Family Court abused its discretion by not appointing an attorney for the daughter at the hearing, as there is nothing in the record to indicate that such an appointment was necessary in resolving the issue of the son's custody (*see Dana-Sitzer v Sitzer*, 48 AD3d 354 [2008]). Further, Family Court's decision to preclude testimony from the daughter concerning the incident that formed the basis of the family offense petition against the father did not prejudice the mother inasmuch as the mother had witnessed the incident and testified concerning it in detail at the hearing.

Cardona, P.J., Mercure, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.