■ In the Matter of DAKOTA CC., a Child Alleged to be Neglected. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ARTHUR CC., Appellant. [912 NYS2d 151]—

Cardona, P.J. Appeal from an order of the Family Court of Chemung County (Hayden, J.), entered September 2, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

In 2009, petitioner commenced this neglect proceeding against respondent, alleging, among other things, that his alcohol abuse had resulted in improper supervision of his son, Dakota CC. (born in 1996). The allegations stem, in part, from the child's positive test result for THC at the age of 12 and his admitted use of marihuana while in respondent's care. Following a factfinding and dispositional hearing, Family Court entered a finding of neglect and ordered that the child be placed with petitioner. This appeal ensued and we affirm.

A neglected child is defined as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i] [B]; see Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). A review of the record establishes that Family Court's finding of neglect is supported by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]).

Here, much of the evidence of neglect was based upon the child's out-of-court statements that, due to respondent's heavy drinking and lack of supervision, the child had complete freedom to sneak out of the house and acquire drugs while in respondent's care. Contrary to respondent's contention, we find that evidence at the hearing was sufficient to corroborate the child's out-of-court statements (see Matter of Lindsey BB. [Ruth BB.], 70 AD3d 1205, 1206 [2010]). Specifically, in addition to the child's positive drug test, testimony from the child's mother as well as petitioner's caseworker demonstrated respondent's history of alcohol abuse, which also led to petitioner indicating previous reports against respondent. Further testimony from that caseworker revealed that during his investigation regarding the child's positive test results, the child was home alone, and when respondent appeared from a neighbor's home, he was visibly intoxicated. Other testimony also established that while in respondent's care, the child had 38 unexcused absences from

school and five suspensions. Moreover, testimony revealed that respondent claimed to be unaware of the child's drug use and characterized the positive drug test results as bogus. In view of the foregoing and according deference to Family Court's credibility determinations, we find a sound and substantial basis exists in the record to support the finding of neglect, and that determination will not be disturbed (see Matter of Karissa NN., 19 AD3d 766, 766-767 [2005]).

Finally, Family Court should not have taken judicial notice of respondent's prior criminal history without affording him an opportunity to challenge the relevancy or accuracy thereof, nor should the court have included allegations in the fact-finding decision that were not established during the hearing (see Matter of Justin EE., 153 AD2d 772, 774 [1989], lv denied 75 NY2d 704 [1990]). However, these errors were harmless in light of the significant proof of neglect, as well as the court's recitation of its findings at the conclusion of the fact-finding hearing (see Matter of Billets v Bush, 63 AD3d 1203, 1204 [2009]).

Mercure, Lahtinen, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.