■ In the Matter of DARRYLLE S. GRAVES, Respondent, v MELISSA J. STOCKIGT, Appellant. [911 NYS2d 705]—

Cardona, P.J. Appeal from an order of the Family Court of Tioga County (Sgueglia, J.), entered March 17, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Pursuant to a January 2008 amended order, petitioner (hereinafter the father) and respondent (hereinafter the mother) shared joint custody of their son (born in 2004), with the mother having primary physical custody. In July 2008, the father commenced this modification proceeding seeking, among other things, sole custody as well as an order directing that the child's stepfather have no contact with the child during visitation with the mother. In the interim, the father was awarded temporary custody with the directive that the stepfather have no contact

with the child during the mother's visitations. Following a two-day fact-finding hearing, Family Court found a sufficient change in circumstances and granted the father's petition for sole custody, prompting this appeal.

A petitioner seeking to modify an existing custody order must demonstrate a "sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child" (*Matter of Rue v Carpenter*, 69 AD3d 1238, 1239 [2010] [internal quotation marks and citation omitted]; *see Matter of Arieda v Arieda-Walek*, 74 AD3d 1432, 1433 [2010]). Here, for the reasons that follow, and according due deference to Family Court's assessment of witness credibility, we find that a sound and substantial basis in the record exists to support the court's determination that such a change in circumstances occurred to warrant a change in custody (*see Matter of Colwell v Parks*, 44 AD3d 1134, 1135-1136 [2007]).

Specifically, recent indicated Child Protective Services reports against the mother established her lack of supervision and inadequate guardianship of the child. Furthermore, at the time the petition was filed, the mother was being evicted from her home, the conditions of which were unsanitary and unsafe particularly with respect to the area outside the home. In addition, despite the child's asthmatic condition as well as a restriction in the prior custody order prohibiting smoking around the child, the mother's home smelled of smoke. Evidence in the record indicates that the child did not receive his daily asthma medicine when in the mother's custody. Moreover, testimony at the hearing tends to support the allegations that the stepfather was abusive toward the child and the mother. Significantly, despite the court's directive, the stepfather had contact with the child while visiting with the mother during the pendency of this proceeding. The father, on the other hand, maintains a stable living situation and resides at his parents' home. The paternal grandmother testified regarding her efforts to keep the home clean to accommodate the child's asthmatic condition. Furthermore, while in the father's care, the child consistently receives his asthma medication.

Finally, the mother's contention that Family Court abused its discretion in not conducting a *Lincoln* hearing is unpersuasive, particularly given the young age of the child (*see Matter of Lopez v Robinson*, 25 AD3d 1034, 1037 [2006]; *Matter of Farnham v Farnham*, 252 AD2d 675, 677 [1998]). We have reviewed the mother's remaining contentions and find them to be unpersuasive.

Although not raised by the parties, we deem it appropriate

under the circumstances herein to modify Family Court's order to the extent of directing that each parent continue to have complete access to all of the child's medical records and/or school records.

Mercure, Lahtinen, Stein and Garry, JJ., concur. Ordered that the order is modified, on the facts, without costs, by directing that each parent continue to have complete access to all of the child's medical records and/or school records, and, as so modified, affirmed.