■ In the Matter of Nicholas Davis, Respondent, v Debra A. Davis, Appellant. [911 NYS2d 728]—

Stein, J. Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered June 23, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a daughter (born in 1993). The mother has been diagnosed as a person with mental

retardation and the daughter is an individual with learning disabilities. The mother lives in the City of Norwich, Chenango County, while the father lives in the Village of East Syracuse, Onondaga County. Pursuant to a January 1998 order of the Family Court of Onondaga County (Van Auser, J.H.O.), the parties shared joint legal custody of the child, with the mother having primary physical custody and the father having specified parenting time. At the time of the 1998 order, the mother and child were living with the maternal grandmother. The grandmother ran the household and provided substantial assistance to the mother and the child. Upon the grandmother's unfortunate death in 2007, the mother's brother, Kraig Brown, assumed care-taking responsibilities of the mother and child.

In 2008, the father commenced the instant proceeding—the second since the grandmother's death—seeking modification of the January 1998 custody order on the basis that there was a change in circumstances, warranting a change in residential custody in the child's best interests. Following a hearing, Family Court granted the father's petition, awarded him primary physical custody of the child and directed that the mother have specified parenting time. This appeal by the mother ensued.

Inasmuch as we find a sound and substantial basis in the record for Family Court's determination, we affirm. An alteration of an established custody arrangement requires a showing of a " 'change in circumstances reflecting a real need for change in order to insure the continued best interest of the child' " (*Matter of Passero v Giordano*, 53 AD3d 802, 803 [2008], quoting *Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903, 903 [1992]; *see Matter of Mabie v O'Dell*, 48 AD3d 988, 989 [2008]). Here, the record reveals that, after the death of the grandmother—who had undisputedly maintained the household for the mother and child—Brown moved in, but was physically abusive to the mother on at least one occasion, resulting in the issuance of an order of protection directing that he stay away from the mother and the child. In addition, the mother's other brother testified that Brown had manipulated and tormented the mother and the child, and other family members testified that they were concerned that Brown would not obey the order of protection.

The record supports the finding that the mother requires the continuous assistance of a responsible individual in order to adequately provide for her needs and the needs of the child in both daily living and emergency situations. Brown's removal from the home shared by the mother and the child eliminated their primary support, relegating them to rely on assistance with daily living from government agencies and other individu-

als who did not reside with them and who, therefore, were not always available to respond in an emergency or to continuously assist the mother with the ongoing tasks necessary to raise a child. Thus, Family Court properly found that there was a change in circumstances warranting an examination of whether modification of the custody order would be in the child's best interests.

"In determining the best interests of the child, Family Court was required to consider various factors, including how the decision would impact on the child's stability, the home environment of both parents, 'each parent's willingness to foster a relationship with the other parent, and their past performance and ability to provide for the [child's] overall well-being' " (*Matter of Wentland v Rousseau*, 59 AD3d 821, 822 [2009], quoting *Matter of Clupper v Clupper*, 56 AD3d 1064, 1065-1066 [2008]; *see Matter of Smith v Miller*, 4 AD3d 697, 698 [2004]). Here, although the mother has taken admirable steps to improve her ability to care for the child, there is evidence that she was not sufficiently successful in doing so. For example, the child's teacher testified that there were numerous instances when the daughter exhibited poor hygiene and the mother was often confused about the daughter's schedule and transportation from after-school activities. In addition, the mother is unable to read and does not drive. By comparison, the father's ability to handle daily tasks involving the child is unquestioned and his wife, formerly a certified home health aide, is available to assist the child when the father is at work. The father testified that the child's individual education plan would transfer to a new school district, and the extracurricular activities in which she participates are also available in East Syracuse. In addition, the child has friends and extended family in the area of the father's residence and the father indicated a willingness to foster the daughter's relationship with the mother and the mother's family.

Although the record reflects the existence of a strong bond between the mother and the child, upon our review of the record as a whole and according great deference to Family Court's custody determination in recognition of its "advantageous position . . . to evaluate the testimony and assess the credibility of witnesses" (*Matter of Torkildsen v Torkildsen*, 72 AD3d 1405, 1406 [2010]; *see Matter of Marchand v Nazzaro*, 68 AD3d 1216, 1217 [2009]; *Matter of Wentland v Rousseau*, 59 AD3d at 823; *Matter of Diffin v Towne*, 47 AD3d 988, 990 [2008], *lv denied* 10 NY3d 710 [2008]), we conclude that Family Court properly weighed the relevant factors in determining which custodial arrangement was in the best interests of the child. We further

find a sound and substantial basis to support its determination that it is in the child's best interests to primarily reside with the father. As such, we discern no reason to disturb Family Court's order (*see Eschbach v Eschbach*, 56 NY2d 167, 173-174 [1982]; *Matter of Richardson v Alling*, 69 AD3d 1062, 1064 [2010]; *Matter of Smith v Smith*, 61 AD3d 1275, 1277-1278 [2009]).

Spain, J.P., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.