■ In the Matter of ERNEST STARKEY, Respondent, v TRACY FERGUSON, Appellant. (And Three Other Related Proceedings.) [915 NYS2d 664]—

---

* The father did not appeal from Family Court's order nor make any submission upon this appeal indicating his position.

Malone Jr., J. Appeal from an order of the Family Court of Ulster County (Feeney, J.H.O.), entered May 18, 2009, which, among other things, granted petitioner's application, in four proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a son (born in 1993) and a daughter (born in 1999). At the time of their divorce in 2002, the parties agreed that the father would have primary physical custody of the son and the mother would have primary physical custody of the daughter. However, in June 2006, the mother asked the father to take primary physical custody of the daughter. The mother left the daughter in the father's care until August 2007, at which point the mother abruptly reclaimed custody of her. As is relevant here, the father then filed a petition seeking custody of the daughter.* Following a hearing, and a *Lincoln* hearing, Family Court determined that the father demonstrated that a substantial change of circumstances occurred and that it was in the daughter's best interest to award the father primary physical custody, and a visitation schedule was established for the mother. The mother appeals.

The father was entitled to a modification of the existing custody order if he demonstrated a "sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child" (*Matter of Rue v Carpenter*, 69 AD3d 1238, 1239 [2010] [internal quotation marks and citation omitted]; *accord Matter of Graves v Stockigt*, 79 AD3d 1170, 1171 [2010]). According deference to Family Court's assessment of the witnesses' credibility, we find that a substantial basis in the record exists for the court's determination that a modification of custody of the parties' daughter was warranted in this case (*see Matter of Graves v Stockigt*, 79 AD3d at 1171). The record reflects that in 2006, the mother's living arrangements became uncertain after she broke off one romantic relationship to begin another, and "effectively abdicated her role as the child's primary caregiver, at least temporarily," by sending

---

* In addition, the mother filed a petition seeking a set visitation schedule and, after a temporary order of visitation was entered, each party filed a petition alleging a violation of the temporary order by the other. Those petitions are not at issue on this appeal.

the daughter to live with the father (*Matter of Hetherton v Ogden*, 79 AD3d 1172, 1173 [2010]). At the time the petition was filed, the mother resided with her current boyfriend and her daughter in a one-bedroom apartment, in which the daughter was sleeping on a couch. The boyfriend allegedly verbally abused the son and physically abused the mother in the children's presence on at least one occasion—which caused the frightened children to call their father in the middle of the night to get them. The instability of the mother's living arrangements, the unsuitability of her current residence and the incident of domestic violence witnessed by the children all provide ample support for the finding that a substantial change in circumstances had occurred (*see Matter of Rue v Carpenter*, 69 AD3d at 1239; *Matter of Siler v Wright*, 64 AD3d 926, 928 [2009]; *Matter of Valenti v Valenti*, 57 AD3d 1131, 1133 [2008], *lv denied* 12 NY3d 703 [2009]).

Likewise, sufficient evidence in the record supports Family Court's determination that a change of custody to the father was in the daughter's best interests. Notably, the father maintains a nurturing and stable home environment in which the daughter has her own bedroom, compared to the mother, whose living arrangements have changed twice since the divorce and who was maintaining an inadequate residence. Although the mother acknowledged the need for her to secure more appropriate housing, she offered no evidence of steps she had taken to actually secure a larger residence. The court also noted that, while in the father's care, the daughter performed noticeably better in school and was absent less frequently than when she was with the mother. Further, there is no evidence that the father attempted to discourage or interfere with the mother's relationship with the daughter, yet there is convincing evidence that, on a number of occasions, the mother thwarted the father's attempts to have contact or visitation with the daughter. There is also evidence in the record that the mother tends to place her own interests above those of her daughter, as indicated by the fact that she left the child with the father after becoming involved in a new romantic relationship and then visited her children only a few times during the ensuing year. When she reclaimed custody of the daughter, she did so abruptly, without notice to the father or daughter; she simply refused to return the daughter after a scheduled visit and unilaterally enrolled her in a new school. Finally, the record reflects that the mother's boyfriend did not have a good relationship with the children but, in contrast, the father's new wife and her son enjoyed a close and loving relationship with the children. Considering the totality of the circumstances, the record supports Family Court's

determination that the daughter's best interests are served by a change in custody in favor of the father (*see Matter of Hetherton v Ogden*, 79 AD3d at 1175).

We have reviewed the mother's remaining contention and find it to be without merit.

Mercure, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

