■ In the Matter of MATTHEW J. GASPARRO, Respondent, v ROSEMARY EDWARDS, Appellant. (And Two Other Related Proceedings.) [925 NYS2d 206]—

Mercure, J.P. Appeals from two orders of the Family Court of Saratoga County (Hall, J.), entered November 6, 2009 and March 16, 2010, which, among other things, granted petitioner's application, in three proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties are the divorced parents of two children, born in 1994 and 1996. Prior to 2009, respondent (hereinafter the mother) had primary physical custody of the children, with petitioner (hereinafter the father) sharing joint legal custody and having visitation. In March 2009, the father commenced this proceeding seeking physical custody, alleging that he was unable to contact the children or the mother for several days, and that the guidance counselor at the children's school informed him that the children had moved to Massachusetts with the mother. He also alleged that the mother had been evicted from her most recent residence, she had changed residences five times within the preceding five years, and the children were failing several core classes in school. Family Court granted his subsequent motion for temporary physical custody and, following a fact-finding hearing, granted the petition and awarded him primary physical custody. The mother now appeals.*

We affirm. Although petitioner did not establish that the

---

* The mother appeals from both the original order of modification issued by Family Court in November 2009, and from the amended order issued in March 2010. Because the amended order explicitly supercedes the original order, the appeal from the original order should be dismissed as moot (see Matter of Bradley J., 23 AD3d 799, 799-800 [2005]).

mother moved with the children to Massachusetts, evidence of the children's frequent absences from and tardiness to school, failing grades, and the instability of their living arrangements during the relevant time period "demonstrated a sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest[s] of the child[ren]" (*Matter of Starkey v Ferguson*, 80 AD3d 799, 800 [2011] [internal quotation marks and citations omitted]; *see Matter of Paul T. v Ann-Marie T.*, 75 AD3d 788, 789-790 [2010], *lv denied* 15 NY3d 713 [2010]; *Matter of Siler v Wright*, 64 AD3d 926, 928-929 [2009]; *Matter of Billets v Bush*, 63 AD3d 1203, 1204 [2009]). Furthermore, Family Court's conclusion that the children's interests are best served by awarding primary physical custody to the father is supported by the record.

Factors relevant to an evaluation of the children's best interests "includ[e] the quality of each parent's home environments, their past performance and stability, and each parent's relative fitness and ability to provide for the child[ren's] intellectual and emotional development" (*Matter of Paul T. v Ann-Marie T.*, 75 AD3d at 790 [internal quotation marks and citations omitted]; *see Matter of Siler v Wright*, 64 AD3d at 928). Here, licensed psychologist Jacqueline Bashkoff, who evaluated the parties and the children, as well as the father's current wife, found that the mother is a loving parent. She recommended, however, that physical custody be awarded to the father based upon the mother's extremely poor judgment and decision-making ability, her unstable and chaotic living situation since separating from her second husband in January 2009, and her ongoing mental health concerns. Indeed, the record reflects that while the mother had obtained employment and an apartment in the weeks immediately before the close of trial, her work history is sporadic and she had moved six times during the preceding five years. Moreover, there was evidence that she is unable to ensure that the children's educational needs are met.

The father, on the other hand, owns his own home where he lives with his wife, and has stable employment with flexible hours that allow him to work from home. During the time that the children have resided with him, their school attendance has improved markedly, as has their academic performance. In addition, he has evinced a willingness to foster their continued close relationship with their half siblings from the mother's second marriage, who are in their father's custody. Although the father's current wife has a criminal record and was sentenced to a term of probation, she immediately began mental health counseling after her 2006 conviction, which she continues to

receive. Significantly, her conduct was an aberration and her treating psychologist indicated that she is not a threat to the children. Considering all of the circumstances, we conclude that Family Court's decision is supported by a sound and substantial basis in the record and should not be disturbed (*see Matter of Starkey v Ferguson*, 80 AD3d at 801-802; *Matter of Paul T. v Ann-Marie T.*, 75 AD3d at 790-791; *Matter of Billets v Bush*, 63 AD3d at 1204; *Matter of Crocker v Crocker*, 307 AD2d 402, 403 [2003], *lv denied* 100 NY2d 515 [2003]).

Rose, Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the appeal from the order entered November 6, 2009 is dismissed, as moot, without costs. Ordered that the order entered March 16, 2010 is affirmed, without costs.

