Malone Jr., J.
Appeal from an order of the Family Court of Cortland County (Ames, J.), entered May 18, 2011, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Respondent Cortland County Department of Social Services filed a neglect petition against respondent Billie RR. (hereinafter the mother) alleging that she neglected her two children (born in 2003 and 2006). The children were removed from her care and temporarily placed with petitioner (hereinafter the father). The mother ultimately consented to a finding of neglect and, after she completed various services and programs as directed, the Department of Social Services made an application to terminate the placement with the father and return the children to the mother’s care. During the pendency of that application, the father commenced this proceeding, seeking to retain custody of the children. Following a hearing, Family Court determined that there had been a change in circumstances warranting a change in custody and that it was in the children’s best interests to award sole legal and primary physical custody to the father.* [1] The mother appeals.
Initially, Family Court’s prior finding of neglect against the *1603 mother — based upon her striking one of the children, causing severe bruising, and her inability to understand or cope with the children’s special needs — constitutes a substantial change in circumstances warranting the consideration of a change in custody (see Matter of Hurlburt u Behr, 70 AD3d 1266, 1268-1269 [2010], lv dismissed 15 NY3d 943 [2010]; Matter of Omavi A. [Jaimyce A.], 68 AD3d 1463, 1465 [2009]).[2] In addition, according deference to Family Court’s credibility determinations (see Matter of Gasparro v Edwards, 85 AD3d 1222, 1223 [2011]), the record supports Family Court’s determination that it was in the children’s best interests to award sole legal and primary physical custody of the children to the father (see Matter of Jolynn W. v Vincent X., 85 AD3d 1217, 1218 [2011], lv denied 17 NY3d 713 [2011]; Posporelis v Posporelis, 41 AD3d 986, 987 [2007]). Notably, the record indicates that, since residing with the father, the older child has made significant academic improvements and the father has maintained contact with the teacher to ensure that the child’s progress continues. In addition, the father has maintained a stable home environment for the children, both of whom have special needs, and is actively involved in ensuring that their medical, emotional and educational needs are satisfied. On the other hand, although the mother has made some improvements in her parenting skills since the finding of neglect, her treating counselor opined that returning the children to the mother on a full-time basis would be a “significant stressor” to the mother and she was unsure how the mother would respond in that situation. In addition, Family Court found many of the mother’s claims and complaints regarding the father’s parenting to be either incredible or not substantiated by the evidence. Further, we agree with Family Court that continued joint legal custody was unworkable and contrary to the best interests of the children in light of the parties’ acrimonious relationship and their inability to co-parent (see Matter of Williams v Williams, 66 AD3d 1149, 1150-1151 [2009]). Upon this record, we find no basis to disturb the court’s determination that an award of sole custody to the father was in the children’s best interests.
Lahtinen, J.E, Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

. Apparently, by an order on consent entered in October 2009, the mother and the father enjoyed joint legal custody of the children, with primary physical custody to the mother. Although ordinarily the absence of this order from the record on appeal would result in the dismissal of the appeal for appellant’s failure to compile a complete record (see Matter of Pratt v Anthony, 30 AD3d 708 [2006]), inasmuch as there is no dispute that the mother and the father previously enjoyed joint custody of the children, the absence of the prior order does not preclude meaningful appellate review (compare Mergl v Mergl, 19 AD3d 1146 [2005]).

. To the extent that the mother now challenges the validity of the neglect order, because that order was issued in a different proceeding, it is not reviewable on this appeal (see Ferry v Ferry, 13 AD3d 765, 766 [2004]) and, in any event, we note that no appeal lies from an order entered upon consent (see Matter of Catrina N, 98 NY2d 688 [2002]; Matter of Cheyenne QQ., 37 AD3d 977, 977-978 [2007]).