*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   June 2, 2016                      521145
_____

In the Matter of STACEY I.
    COLEMAN,
                          Respondent,

        v                                    MEMORANDUM AND ORDER

AUBREY A. MILLINGTON,
                          Appellant.
_____


Calendar Date:   April 28, 2016

Before:   McCarthy, J.P., Garry, Egan Jr., Devine and Aarons, JJ.

                        _____


        Tammy Arquette, Clifton Park, for appellant.

        Todd G. Monahan, Schenectady, for respondent.

        Alexandra G. Verrigni, Rexford, attorney for the child.

                        _____


Aarons, J.

        Appeal from an order of the Family Court of Schenectady
County (Powers, J.), entered May 12, 2015, which, among other
things, granted petitioner's application, in a proceeding
pursuant to Family Ct Act article 6, to modify a prior order of
custody.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the separated parents of a daughter
(born in 2000).  Under a 2006 custody order, the parties shared
joint legal custody of the child with the mother having primary
physical custody and the father having visitation with the child
on weekdays after school and for the last weekend of the month.
In 2013, the father commenced this modification proceeding

seeking primary physical custody of the child.  After fact-finding and Lincoln hearings, Family Court awarded primary physical custody of the child to the father and fashioned a visitation schedule in which the mother would have visitation every other weekend plus one weeknight in the intervening week and additional time during the summer.  The mother appeals.  We affirm.

A party seeking a modification of an existing custody order must first show that a change in circumstances exists, and once this threshold showing is satisfied, the party must then demonstrate that modification of the order ensures the best interests of the child (see Matter of Schlegel v Kropf, 132 AD3d 1181, 1182 [2015]; Matter of Menhennett v Bixby, 132 AD3d 1177, 1179 [2015]).  The existing order, even though in effect for several years, is accorded less weight where, as here, it stems from the parties' consent (see Matter of Dykstra v Bain, 127 AD3d 1516, 1517 [2015]; Matter of Colwell v Parks, 44 AD3d 1134, 1135 [2007]).  While not determinative, the preferences of an older and more mature child are relevant in determining whether a change in circumstances exists (see Matter of Casarotti v Casarotti, 107 AD3d 1336, 1337 [2013], lv denied 22 NY3d 852 [2013]).  Family Court found that the mother allowed the house where she resided with the child to deteriorate and become uninhabitable.  In this regard, there were plumbing issues that resulted in water being shut off, broken smoke detectors, clutter around the house, no electricity in parts of the house and no functioning washer (see Matter of Palmatier v Carman, 125 AD3d 1139, 1139-1140 [2015]; Matter of Michael GG. v Melissa HH., 97 AD3d 993, 994 [2012]).  After an investigation by Schenectady County Child Protective Services, some of these conditions were eventually rectified.  Nevertheless, they existed for a significant period of time such that the mother and the child had to temporarily move in with the mother's aunt.  Also, the child's hygiene noticeably worsened and her mental health declined, necessitating weekly counseling sessions.  Furthermore, the mother acknowledged in her testimony that the child indicated that she wanted to live with the father.  Under these circumstances, we are satisfied that the father demonstrated a sufficient change in circumstances to warrant a best interests analysis (see Matter of Bailey v Blair, 127 AD3d 1274, 1275

[2015]; Matter of Spraker v Watts, 41 AD3d 953, 954 [2007]).

In determining the best interests of the child, various factors are considered, including "maintaining stability for the child[], the respective home environments, length of the current custody arrangement, each parent's relative fitness and past parenting performance, and willingness to foster a healthy relationship with the other parent" (Matter of Chris X. v Jeanette Y., 124 AD3d 1013, 1014 [2015] [internal quotation marks and citation omitted]; see Matter of Hayward v Campbell, 104 AD3d 1000, 1001 [2013]). Although the mother is more involved than the father with respect to the child's activities, education and medical treatment, the father is able to provide a stable home environment and meet the child's needs. Viewing the record in its entirety, including the preferences of the child, who was 14 years old at the time of the hearing, the discussed housing conditions and the very close relationship that the child has with the paternal grandmother with whom she attends church, we conclude that Family Court's determination of awarding the father primary physical custody is supported by a sound and substantial basis in the record (see Iacono v Iacono, 117 AD3d 988, 989 [2014]; Matter of Davis v Davis, 79 AD3d 1304, 1306-1307 [2010]; Matter of Rue v Carpenter, 69 AD3d 1238, 1240 [2010]; Matter of Burch v Willard, 57 AD3d 1272, 1273 [2008]).[1] We reach a similar conclusion with respect to the visitation schedule fashioned by Family Court given its discretion in this area (see Matter of Hayward v Thurmond, 85 AD3d 1260, 1262 [2011]). While the visitation schedule reduces the mother's time, she is still afforded frequent and meaningful access to the child (see Matter of Hills v Madrid, 57 AD3d 1175, 1177 [2008]).

Finally, we disagree with the mother's argument that she received the ineffective assistance of counsel. We reject the mother's contention that she was prejudiced by her attorney's failure to call certain witnesses to testify or to offer

---

[1] We note that, while not determinative, Family Court's determination is consistent with the position of the attorney for the child (see Matter of Schnock v Sexton, 101 AD3d 1437, 1438, n [2012]).

particular documents into evidence.  Furthermore, it is speculative to conclude that such proof would have led to a more favorable result for the mother (see Matter of Hurlburt v Behr, 70 AD3d 1266, 1267-1268 [2010], lv dismissed 15 NY3d 943 [2010]; Matter of Baker v Baker, 283 AD2d 730, 731 [2001], lv denied 96 NY2d 720 [2001]).  Given that the mother's attorney effectively cross-examined the father, obtained successful objections and elicited testimony from the mother concerning her ability to care for the child, we find that the mother received meaningful representation (see Matter of Knight v Knight, 92 AD3d 1090, 1093 [2012]; Matter of Spiewak v Ackerman, 88 AD3d 1191, 1193 [2011]; Matter of Arieda v Arieda-Walek, 74 AD3d 1432, 1434 [2010]).

McCarthy, J.P., Garry, Egan Jr. and Devine, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court