Matter of Xavier C. v Armetha K. (2019 NY Slip Op 00069)





Matter of Xavier C. v Armetha K.


2019 NY Slip Op 00069


Decided on January 8, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2019

Renwick, J.P., Manzanet-Daniels, Tom, Mazzarelli, Webber, JJ.


&em;

[*1]8036 In re Xavier C., Petitioner-Respondent,
v
Armetha K., Respondent-Appellant.


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
The Law Office of Steven P. Forbes, Jamaica (Steven P. Forbes of counsel), for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Eva D. Stain of counsel), attorney for the child.



Order, Family Court, Bronx County (Jennifer S. Burtt, Referee), entered on or about February 1, 2018, which, after a hearing, inter alia, granted the father's petition for modification of custody and awarded him physical custody of the subject child and final decision-making authority, unanimously affirmed, without costs.
The Referee's determination that it was in the best interest of the child to modify the custody arrangement and grant physical custody to the father has a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167, 172-173 [1982]). The Referee found that the father credibly testified that he had a place for the child in his home, and had a plan for addressing his medical, psychological, dental, and educational needs. The record also showed that by awarding physical custody to the father, the subject child would be living with his biological brother (see id. at 173; Matter of Michael B. [Lillian B.], 145 AD3d 425, 430 [1st Dept 2016]).
Moreover, the record showed that a transfer of physical custody was warranted because the mother discouraged the relationship between the father and the child by misleading the child as to the identity of his biological father and by failing to produce the child for at least three visits (see Sendor v Sendor, 93 AD3d 586, 587 [1st Dept 2012]; Matter of Matthew W. v Meagan R., 68 AD3d 468, 468 [1st Dept 2009]). The mother also refused to comply with a prior court order granting the father joint legal custody by refusing to provide him with information about the child's education, medical issues and appointments absent further explicit court directive to do so, and by refusing to involve the father in joint decision making with respect to the child (see Moore v Gonzalez, 134 AD3d 718, 719-720 [2d Dept 2015]; Arieda v Arieda-Walek, 74 AD3d 1432, 1433 [3d Dept 2010]). In addition, the child had numerous absences and was late to school on many occasions, and was not promoted to first grade, while in the mother's care (see Rubin v Della Salla, 107 AD3d 60, 64 [1st Dept 2013]; Matter of Farran v Fenner, 94 AD3d 1116, 1117 [2d Dept 2012]). Further, the mother failed to explain why she did not address the child's dental [*2]health until it became an emergency and he needed to have four teeth extracted (see Rubin, 107 AD3d at 64-65; Hurlburt v Behr, 70 AD3d 1266, 1268 [3d Dept 2010], lv dismissed 15 NY3d 943 [2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 8, 2019
CLERK