Matter of Ronald EE. v Crystal F. (2020 NY Slip Op 01211)





Matter of Ronald EE. v Crystal F.


2020 NY Slip Op 01211


Decided on February 20, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 20, 2020

526605

[*1]In the Matter of Ronald EE., Respondent,
v
Crystal F., Appellant. (And Another Related Proceeding.)

Calendar Date: January 14, 2020

Before: Clark, J.P., Devine, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Sandra M. Colatosti, Albany, for appellant.
Michelle E. Stone, Vestal, for respondent.
Andrea J. Mooney, Ithaca, attorney for the child.



Aarons, J.
Appeal from an order of the Family Court of Chemung County (Baker, J.), entered April 23, 2018, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of a daughter (born in 2012).[FN1] Pursuant to a December 2016 order, the parties shared legal and physical custody of the child. In 2017, the father commenced a modification proceeding seeking sole legal and physical custody of the child. Following a hearing, which also involved a custody proceeding involving the child's half brother, Family Court issued an order entered in April 2018, which, among other things, awarded the parties joint legal custody of the child with the father having primary physical custody.[FN2] A written decision reflecting the court's findings was subsequently issued in August 2018. The mother appeals. We affirm.
The father, as the party seeking to modify a prior custody order, bore the initial burden of establishing a change in circumstances since the entry of such order so as to trigger an examination into the best interests of the child (see Matter of Charles AA. v Annie BB., 157 AD3d 1037, 1038 [2018]; Matter of Normile v Stalker, 140 AD3d 1233, 1234 [2016]). The record discloses that the mother exhibited improper behavior, including the use of profanities, in front of the child and the half brother at their school and demonstrated a lack of concern when she learned that her children had played the "private parts game," which entailed the children licking and touching each other's private parts. When the father told the county sheriff about this game, the mother became angered and threatened that she would not tell him if anything similar occurred in the future. In view of the mother's conduct, we conclude that the record supports Family Court's finding of a change in circumstances (see Matter of Ayesha FF. v Evelyn EE., 160 AD3d 1068, 1069-1070 [2018], lv dismissed and denied 31 NY3d 1131 [2018]).
Turning to the best interests of the child, as we noted in Matter of Ian G. v Crystal F. (174 AD3d 985, 986-987 [2019], lv denied 34 NY3d 903 [2019]), the mother did not maintain suitable housing for the child, she acted inappropriately at the child's school and did not follow school's policies regarding video recording at the school, she was not concerned about the "private parts game" played by the children and she did not adhere to a safety plan to prevent any of the children from playing this game. Furthermore, the record reveals that the child was "happy and calm" when she was dropped off at school by the father, as opposed to being "out of control" or "overly tired" when dropped off by the mother. Family Court found that the father was more suited to parent the child on a full-time basis, and our review of the record confirms that finding. Based on the foregoing and deferring to the court's findings, we see no basis to disturb the court's custody determination (see Matter of Coleman v Millington, 140 AD3d 1245, 1247 [2016]; Matter of Starkey v Ferguson, 80 AD3d 799, 801-802 [2011]; Matter of Dickerson v Robenstein, 68 AD3d 1179, 1180 [2009]).
Finally, for reasons stated in Matter of Ian G. v Crystal F. (174 AD3d at 987-988), we reject the mother's assertion that reversal is required because Family Court issued its decision setting forth its factual findings and conclusions of law after issuing the custody order being challenged on appeal. The mother's remaining argument has been considered and is without merit.
Clark, J.P., Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The mother also has a son, the child's half brother, from another relationship.

Footnote 2: In a separate appeal, we affirmed an order granting sole custody of the half brother to his father (Matter of Ian G. v Crystal F., 174 AD3d 985 [2019], lv denied 34 NY3d 903 [2019]).