■ In the Matter of JASON S. BOWERS, Appellant, v CHRISTINA A. BOWERS, Respondent. (And Another Related Proceeding.) [955 NYS2d 285]—

Garry, J.

Upon his application for modification of the prior custody order, the father was obliged to "demonstrate, first, a change in circumstances occurring after issuance of the order sought to be modified and, second, that modification of the previous order is necessary to ensure the children's best interests" (*Matter of Ildefonso v Brooker*, 94 AD3d 1344, 1344 [2012]; *see Matter of Bond v MacLeod*, 83 AD3d 1304, 1305 [2011]). Shortly before the custody order was issued, the father relocated to Vermont, resulting in difficulties with his visitation. Specifically, he could not comfortably drive that distance due to a disability, and thus there were transportation issues following his move. The children spent the summer of 2011 with him, and although the mother was unwilling to drive the children to meet the father, she expressed her willingness to allow further visitation in the local area, or when the father could provide transportation. As the father's relocation predated the entry of the current order and therefore "cannot serve as a basis for concluding that a change in circumstances has occurred," Family Court properly dismissed his modification petitions (*Matter of Bouwens v Bouwens*, 86 AD3d 731, 732 [2011]; *see Matter of Bond v Bond*, 93 AD3d 1100, 1101 [2012]). Further, the father was only entitled to visitation as "agreed upon by the parties." Thus, his remaining contention that the mother violated the custody order by declining some of his visitation requests is without merit (*see Matter of Miller v Miller*, 77 AD3d 1064, 1065 [2010], *lv dismissed and denied* 16 NY3d 737 [2011]).

Mercure, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, without costs.