*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 30, 2015                    518160
_____

In the Matter of MELANIE
    DYKSTRA,
                        Appellant,

        v
                                        MEMORANDUM AND ORDER

CHARLES BAIN JR.,
                        Respondent.

(And Another Related Proceeding.)
_____

Calendar Date:  March 26, 2015

Before:  Peters, P.J., Lahtinen, Rose and Devine, JJ.

_____

        Jeffrey L. Zimring, Albany, for appellant.

        D. Alan Wrigley, Cambridge, attorney for the child.

        Timothy M. Bulger, Greenwich, attorney for the child.

        Robert Malcolm Winn, Granville, attorney for the child.

_____

Lahtinen, J.

        Appeal from an order of the Family Court of Washington
County (Pritzker, J.), entered November 4, 2013, which, among
other things, partially granted petitioner's application, in two
proceedings pursuant to Family Ct Act article 6, to modify a
prior order of custody.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the divorced parents of Ethan,
Duncan and Lillian (born in 1997, 1999 and 2003, respectively).

Since their divorce in 2008, the parties have been involved in a series of proceedings regarding the children. As relevant to this appeal, in August 2010 the mother relocated about 100 miles from the area where the children resided and thereafter she sought modification of custody, which resulted in a May 2011 stipulated order providing for continued joint legal custody, primary physical custody of all three children with the father and a schedule of liberal parenting time for the mother. By amended petition in February 2012, the mother sought to modify the May 2011 order to grant her physical custody of all the children. While the proceeding was pending, the parties agreed that, consistent with the wishes of the two older children, the mother would have physical custody of Ethan and the father would have physical custody of Duncan. A trial then ensued regarding the mother's request to be granted physical custody of Lillian. In a detailed decision that included several significant credibility determinations, Family Court, among other things, dismissed the mother's petition with respect to Lillian. The mother appeals.[1]

"A parent seeking to modify an existing custody order bears the burden of proving that there has been a sufficient change in circumstances since the entry of that order warranting a modification thereof in the child's best interests" (Matter of Williams v Williams, 66 AD3d 1149, 1150 [2009] [internal quotation marks, brackets and citations omitted]; see Matter of Clarkson v Clarkson, 98 AD3d 1208, 1209 [2012]). "Family Court's findings and credibility determinations are accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Bronson v Bronson, 63 AD3d 1205, 1206 [2009]; see Matter of Mabie v O'Dell, 48 AD3d 988, 989 [2008]). Considering first whether there was a change in circumstances, many of the facts alleged in the mother's petition regarding such issue pertained to Ethan. Nonetheless, as noted by Family Court, the continued preference to live with

---

[1] The mother's position is supported by the attorney for Lillian and opposed by the attorney for Duncan. A brief was also submitted supporting the mother by the attorney for Ethan, who, during the time the appeal was pending, has turned 18.

the mother openly expressed by Lillian – who turned 10 during the hearing – received further support from James Merrigan, the psychologist who conducted a court-requested evaluation of the child.  Moreover, the prior order had been entered on stipulation (see Matter of Rosi v Moon, 84 AD3d 1445, 1446 [2011] ["a consensual arrangement is afforded less weight than one ordered by a court after a full hearing"]), and there had been no court hearing regarding custody since the mother's move, which resulted both in a greater distance between her and the children and also in an apparently more stable living situation for her.  There is a sound and substantial basis supporting the finding of a change in circumstances.

     In the best interests analysis, "courts are required to consider all relevant factors, including maintaining stability in the child's life, the wishes of the child, the quality of the home environment, each parent's past performance, relative fitness and ability to guide and provide for the child's intellectual and emotional development, and the effect the award of custody to one parent would have on the child's relationship with the other" (Matter of Troy SS. v Judy UU., 69 AD3d 1128, 1131 [2010], lv dismissed and denied 14 NY3d 912 [2010] [internal quotation marks and citation omitted]; accord Matter of Dobies v Brefka, 83 AD3d 1148, 1151 [2011]).  Family Court's credibility determinations were important in its best interests analysis and it found that the mother's testimony was "evasive, contrived and lacked credibility at times," whereas the father's testimony was considered "highly credible."  The court then discussed a host of pertinent factors, finding that most favored custody with the father or were neutral.  Deferring to those credibility determinations, the record fully supports Family Court's analysis and conclusions.  Although Lillian openly expressed a wish to live with her mother, she had a good relationship with both parents and her preference could become a factor that receives more weight as she grows older (see e.g. Matter of Rivera v LaSalle, 84 AD3d 1436, 1439 [2011]).  Of particular concern to Family Court was the mother's apparent toxic influence on the children regarding the father, a factor that we have stated is "so inconsistent with the best interests of the children as to, per se, raise a strong probability that the offending party is unfit to act as custodial parent" (Matter of Dobies v Brefka, 83

AD3d at 1151 [internal quotation marks, brackets and citation omitted]).

The mother further argues that the order should be reversed because the hearing was not completed within the time frame set forth in 22 NYCRR 205.14. Although there was considerable delay in completing the hearing, the mother did not object to the scheduling at the time of the hearing and failed to establish prejudice to her as a result of the delay.

Peters, P.J., Rose and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court