## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  October 29, 2015                    519564
_____

In the Matter of EDWARD W.
   MENHENNETT III,
                    Respondent,

        v                                MEMORANDUM AND ORDER

EMILY ANNE BIXBY,
                    Appellant.
_____

Calendar Date:  September 16, 2015

Before:  Lahtinen, J.P., Egan Jr., Devine and Clark, JJ.

_____

        Samuel D. Castellino, Big Flats, for appellant.

        Alena E. Van Tull, Binghamton, attorney for the child.

_____

Egan Jr., J.

        Appeal from an order of the Family Court of Broome County
(Connerton, J.), entered July 22, 2014, which partially granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 6, to modify a prior order of custody.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the unmarried parents of a daughter
(born in 2008).  By order entered July 31, 2013, Family Court
awarded the parties, who had not lived together since the child
was seven months old, joint legal custody with primary physical
custody to the mother and extended visitation to the father.  In
September 2013, the mother moved into a house in Chenango County
(her fourth residence in five years) where she resided with her

boyfriend and the parties' daughter.[1]

On February 18, 2014, the mother and her boyfriend had an argument, and the boyfriend apparently left their shared residence and proceeded to an undisclosed location in Broome County. Despite the fact that it was "extremely snowy" that evening, the mother, who was nine months pregnant with her boyfriend's child and admittedly had been drinking, climbed into a vehicle with the parties' five-year-old daughter in tow and set out for Broome County – making an effort "to take back roads."[2] At some point, the mother's vehicle became stuck in a snowbank – where it was discovered by an off-duty state trooper. Another trooper was dispatched to the scene of what was described as a disabled vehicle; upon arrival, the responding trooper noted that the mother smelled of alcohol and displayed "slurred speech, droopy eyes and poor coordination." When the mother refused to perform field sobriety tests, she was placed under arrest and transported – with the child – to the nearby State Police

---

[1] The mother and her boyfriend continued to reside together until shortly before the hearing in this matter. According to the mother, this separation was undertaken in an effort to avoid any further "accusations" against them regarding their relationship and/or its impact upon the parties' child. The mother acknowledged, however, that she and her boyfriend were "still together."

[2] The mother's license was under suspension at this time due to her failure to pay a previously imposed fine, but the mother could not recall precisely when she learned of the suspension – speculating that notice thereof may have been lost when she changed residences. As of the time of the underlying hearing, the mother still had not paid the fine in its entirety and she acknowledged that it would take her "a couple of years" to get her license back. The mother's boyfriend also did not have a license – apparently due to his failure to pay the fines imposed on some "old tickets."

barracks.[3]  As the trooper was placing the mother in the patrol vehicle, he received a dispatch informing him that Broome County law enforcement officials were attempting to locate the mother in response to a purported suicide threat.[4]

The father thereafter commenced this modification proceeding seeking sole legal and physical custody of the parties' child.  Following a hearing and a Lincoln hearing, Family Court granted the father's petition to the extent of awarding him primary physical custody of the child and, as to the mother, such "reasonable visitation . . . as may be arranged between [the parties]."  This appeal by the mother ensued.

We affirm.  A parent seeking to modify an existing custody order first must demonstrate that a change in circumstances has occurred since the entry thereof that is sufficient to warrant the court undertaking a best interests analysis in the first instance; assuming this threshold requirement is met, the parent then must show that modification of the underlying order is necessary to ensure the child's continued best interests (see Matter of Chris X. v Jeanette Y., 124 AD3d 1013, 1014 [2015]; Matter of Bowers v Bowers, 101 AD3d 1200, 1201 [2012]).  In addition to the mother's actions on the evening of her arrest and the corresponding indications of alcohol and mental health

---

[3]  As the resulting criminal charges were still pending at the time of the hearing in this matter, the mother invoked her Fifth Amendment rights as to the details of the underlying incident.  The mother did, however, acknowledge that she had a prior conviction for driving while ability impaired.

[4]  Although the mother denied ever intending to harm herself, the maternal grandmother, who had contacted 911 on the evening in question and expressed concern regarding the mother's whereabouts, testified that the mother suffered from depression.  Similarly, while the grandmother did not recall informing the dispatcher of the mother's alleged suicide threat, she did acknowledge that she had received a phone call from the mother's boyfriend that evening, wherein the boyfriend purportedly related the mother's plan to "kill herself with drugs."

issues, the record reflects that the mother had significant difficulty in getting the child to school in a timely and/or consistent fashion — a problem that the mother attributed to the fact that the child was not a "morning person." Specifically, testimony adduced at the hearing revealed that, during a six-month period when the child was residing with the mother, the child was late to school on 19 occasions with 12 absences and six early dismissals (see Matter of Palmatier v Carman, 125 AD3d 1139, 1141 [2015]). Under these circumstances, we are satisfied that the father met his threshold burden of demonstrating the requisite change in circumstances.

As to the best interests analysis, although the mother indeed has been the child's primary caregiver, upon due consideration of all of the relevant factors, including each parent's past performance, relative fitness and ability to provide and maintain a stable home for the child (see Matter of Dykstra v Bain, 127 AD3d 1516, 1517-1518 [2015]), we find that Family Court's decision to modify the prior order and award primary physical custody to the father is supported by a sound and substantial basis in the record. At the time of the hearing, the father was employed as a carpenter with flexible work hours, had a valid driver's license and was living with his mother and his brother while attempting to save money to purchase a home of his own. The mother, on the other hand, was unemployed and, as such, depended entirely upon child support, public assistance and financial support from her family to meet her monthly expenses. As noted previously, the mother's license was under suspension (requiring her to rely upon her parents for transportation), questions remained regarding the circumstances under which her unemployed boyfriend, with whom the mother admittedly was still involved, vacated their shared residence and, while in the mother's care, the child was either late to or absent from school on a multitude of occasions. Additionally, while the mother testified that she was receiving counseling for her alcohol-related issues, she offered no treatment records or any other documentation/testimony attesting to her efforts in this regard. Finally, although the mother emphasizes that, as of the time of the hearing, she had not been convicted of any criminal charges relating to the February 2014 incident, the fact remains that the mother, by her own admission, consumed alcohol and thereafter set

out with her young child in her vehicle on a snowy night.  For all of these reasons, we find ample support for Family Court's decision to award primary physical custody of the child to the father.  The mother's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Lahtinen, J.P., Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court