In the Matter of SHANE M. QUICK, Respondent, v CHRISTINA M. GLASS, Appellant. [56 NYS3d 657]—

Egan Jr., J. Appeals from a decision and an order of the Family Court of Tompkins County (Cassidy, J.), entered March 9, 2016 and March 30, 2016, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a daughter (born in 2004).[1] In March 2009, the parties entered into a written stipulation and order, pursuant to the terms of which they were awarded joint legal custody of the child with extensive visitation to the father. The stipulation also required the parties "to ensure [that the child] continue[d] in counseling until successfully discharged" and, further, to cooperate with the counselor(s) and "follow all recommendations."

In April 2015, the father commenced a proceeding seeking to enforce the March 2009 stipulation and order, contending that the mother was denying him telephone contact with the child and disparaging him in front of the child. In response, the mother commenced a modification proceeding seeking sole custody of the child and apparently filed a family offense petition as well—the latter of which prompted Family Court to issue a temporary order of protection against the father. The father then cross-petitioned for sole custody of the child. Prior

---

1. The mother also has a son and a daughter from other relationships, and the father has a son from another relationship.

to the start of the scheduled hearing, the mother withdrew her custody and family offense petitions. Following a fact-finding hearing and a *Lincoln* hearing, Family Court granted the father's modification petition, finding that the father had demonstrated the requisite change in circumstances and, further, that an award of sole legal and physical custody to the father and significant periods of parenting time to the mother would be in the child's best interests.[2] The mother now appeals from both Family Court's written decision and the order entered thereon.[3]

We affirm. "A parent seeking to modify an existing custody order first must demonstrate that a change in circumstances has occurred since the entry thereof that is sufficient to warrant the court undertaking a best interests analysis in the first instance; assuming this threshold requirement is met, the parent then must show that modification of the underlying order is necessary to ensure the child's continued best interests" (*Matter of Ryan v Lewis*, 135 AD3d 1135, 1136 [2016] [internal quotation marks and citations omitted]; *accord Matter of Austin v Smith*, 144 AD3d 1467, 1468 [2016]). "Evidence that the parties' relationship has deteriorated to the point where they are incapable of working together in a cooperative fashion for the good of their child will be sufficient to establish the requisite change in circumstances" (*Matter of Colleen GG. v Richard HH.*, 135 AD3d 1005, 1007 [2016]; *accord Matter of Smith v McMiller*, 149 AD3d 1186, 1187 [2017]), as will proof of a deterioration in the relationship between the custodial parent and the child (*see Cook v Cook*, 142 AD3d 530, 533-534 [2016]; *Matter of Gonzalez v Hunter*, 137 AD3d 1339, 1341 [2016], *lv dismissed and denied* 27 NY3d 1061 [2016]). Contrary to the mother's assertion, evidence concerning the contentious relationship between the parties,[4] which clearly reflects a marked inability to engage in cooperative decision making, the

---

**2.** The disposition of the father's enforcement petition is not apparent from Family Court's order.

**3.** The mother's appeal from Family Court's March 9, 2016 decision must be dismissed as no appeal lies therefrom (*see* CPLR 5512 [a]; *Matter of Alysheionna HH. [Tara II.]*, 101 AD3d 1413, 1414 n 2 [2012], *lv denied* 20 NY3d 861 [2013]). The arguments raised by the mother, however, are properly reviewable in the context of her appeal from Family Court's order entered March 30, 2016.

**4.** The mother admitted that she used the child as a "conduit" to communicate with the father, stating, "That's the only communication we have," and the father was equally candid in acknowledging that he preferred to limit his interaction with the mother. Additionally, testimony adduced at the hearing established that the mother previously had obtained a temporary order of protection against the father based upon allegations that the father

deteriorating relationship between the mother and the child[5] and the child's current anxiety issues establish the requisite change in circumstances, thus triggering a best interests inquiry.

"In the best interests analysis, courts are required to consider all relevant factors, including maintaining stability in the child's life, the wishes of the child, the quality of the home environment, each parent's past performance, relative fitness and ability to guide and provide for the child's intellectual and emotional development, and the effect the award of custody to one parent would have on the child's relationship with the other" (*Matter of Dykstra v Bain*, 127 AD3d 1516, 1517-1518 [2015] [internal quotation marks and citations omitted]; *see Matter of Knox v Romano*, 137 AD3d 1530, 1531 [2016]; *Matter of Paul A. v Shaundell LL.*, 117 AD3d 1346, 1348-1349 [2014], *lv dismissed and denied* 24 NY3d 937 [2014]). Although the mother, who was not employed, had been the child's primary caregiver, the father testified that the child had been enrolled in five different school districts since 2009 and that the mother had lived in at least as many different residences since that date. The mother acknowledged that the child, who suffers from severe medical-related anxiety, repeatedly has expressed a desire to live with the father, and the record reflects that the child's medical and mental health providers indicated that the father should accompany the child to future appointments, as he appears to be better equipped to manage the child under stressful situations. As noted previously, the father is actively participating in the child's counseling, but—consistent with the child's wishes—the mother does not attend such sessions.

At the time of the hearing, the father, who was a truck driver for a local delivery company, lived in a studio apartment outside of the child's school district, but he testified that he was willing to move and/or transport the child to her current school as necessary. The father further testified that he set his own work

---

was harassing her. When confronted by law enforcement on the day in question, the mother alleged, the father was found to be intoxicated, belligerent and behaving erratically. However, the state trooper involved in this incident, which originated in the context of a welfare check initiated by the father, offered an entirely contrary version of events, testifying that the mother failed to substantiate the claimed harassment and that the father was neither intoxicated, belligerent nor behaving erratically on the occasion alleged. When confronted with the trooper's testimony at trial, the mother denied lying in order to obtain the order of protection, characterizing the incident as "a misunderstanding" or "a miscommunication."

5. The mother acknowledged that she was not participating in the child's counseling sessions at the time of the hearing because the child only wanted the father to attend sessions with her.

schedule and, therefore, had flexible hours, had a sitter lined up if needed and supported the child's participation in counseling. Although the mother disputed the father's testimony regarding her frequent moves, insisted that she and the child had a loving relationship and attributed any difficulties between the two of them to the fact that the child resented the mother's role as a parent, such testimony presented a credibility issue for Family Court to resolve (*see e.g. Matter of Snow v Dunbar*, 147 AD3d 1242, 1244 [2017]; *Matter of Dawn DD. v James EE.*, 140 AD3d 1225, 1227 [2016], *lv denied* 28 NY3d 903 [2016]). Granting deference to Family Court on this point, and taking into account all of the relevant factors, including the transcript of the *Lincoln* hearing, we find that Family Court's award of sole legal and physical custody of the child to the father—with significant periods of parenting time to the mother—is supported by a sound and substantial basis in the record and, as such, will not be disturbed. The mother's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

McCarthy, J.P., Rose, Devine and Mulvey, JJ., concur. Ordered that the appeal from the decision is dismissed, without costs.

Ordered that the order is affirmed, without costs.