Matter of Joseph H. v Elizabeth I. (2018 NY Slip Op 01362)





Matter of Joseph H. v Elizabeth I.


2018 NY Slip Op 01362


Decided on March 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 1, 2018

523463

[*1]In the Matter of JOSEPH H., Respondent,
v
ELIZABETH I., Appellant.

Calendar Date: January 10, 2018

Before: McCarthy, J.P., Devine, Aarons, Rumsey and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Cheryl L. Sovern, Clifton Park, for respondent.
Ellen S. Ross, Johnstown, attorney for the child.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Fulton County (Skoda, J.), entered July 6, 2016, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a daughter (born in 2007; hereinafter the child). An order entered in September 2015 granted joint legal custody of the child to the parties and primary physical custody to the mother. In December 2015, the Fulton County Department of Social Services (hereinafter DSS) filed a neglect petition against the mother on behalf of the child and an older child (born in 2002), who is the child's half
sibling, and the father commenced this proceeding for physical custody of the child. In February 2016, the mother made an admission of neglect with respect to the older child, and the child was thereafter placed with the father on a temporary basis. After a two-day trial, Family Court continued joint legal custody of the child and awarded primary physical custody to the father, with visitation to the mother. The mother now appeals.
The parties do not dispute that there has been a change in circumstances since the prior order of custody; thus, the only issue before us is whether Family Court's award of primary physical custody of the child to the father was in the child's best interests (see Matter of Montoya v Davis, 156 AD3d 132, 134-135 [2017]). "In assessing which custodial arrangement will serve the best interests of the child, courts consider, among other factors, the parents' relative fitness, stability, ability to provide for the child's overall well-being, past performances, home [*2]environments and willingness and ability to foster a positive relationship between the child and the other parent" (id. at 135 [citations omitted]).
The record contains a sound and substantial basis for Family Court's award of physical custody to the father. The court noted that the father provided an appropriate and clean home occupied by only the father and the child and ensured that the child maintained good hygiene and was properly attired. The court further found that the father was willing to foster the child's relationships with the mother and her half sibling, and it also properly considered the child's preference to remain in the father's primary care (see id. at 140; Matter of Dykstra v Bain, 127 AD3d 1516, 1518 [2015]). The father also engaged in appropriate activities with the child, such as cooking together and assisting her with her homework. By contrast, the record demonstrated instability in the mother's past performance and home environment. Her home was often occupied by numerous individuals, including unrelated, young adult visitors. The mother admitted that she did not seek medical treatment for a serious burn that the child sustained on her leg, which the mother estimated was a second-degree burn, and that the electricity at her apartment had been turned off for nonpayment. Moreover, the mother made derogatory comments about the father in the presence of the child and also told the child that the father was not her biological father. In view of the foregoing, we find that Family Court's custody determination is supported by a sound and substantial basis in the record.
McCarthy, J.P., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.