Matter of Kristen II. v Benjamin JJ. (2019 NY Slip Op 01270)





Matter of Kristen II. v Benjamin JJ.


2019 NY Slip Op 01270


Decided on February 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 21, 2019

525929

[*1]In the Matter of KRISTEN II., Respondent,
v
BENJAMIN JJ., Appellant.

Calendar Date: January 16, 2019

Before: Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ.


Christopher Hammond, Cooperstown, for appellant.
Karen A. Leahy, Cortland, for respondent.
Palmer J. Pelella, Owego, attorney for the child.



MEMORANDUM AND ORDER
Rumsey, J.
Appeals from an order and a decision of the Family Court of Broome County (Pines, J.), entered October 31, 2017 and November 1, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of three children (born in 2007 and 2009). A 2016 order of the Family Court of Tioga County (Keene, J.) awarded the parties joint legal custody of the children, provided for physical placement of the children, during the school year, with the mother from Monday morning through the end of the school day on Friday and with the father on the weekends, alternate week placement during the summer vacation period and equally-shared holiday and vacation times. In June 2017, the mother commenced this modification proceeding seeking sole legal custody and reduced parenting time for the father, alleging that the father, among other things, was not available during the week, had been arrested on several occasions with the children present, was not willing to communicate with the mother and did not provide suitable living conditions for the children. Family Court (Pines, J.) temporarily suspended alternate week visitation during the summer months and, following a fact-finding hearing held in September 2017, granted the mother's modification petition by awarding her sole legal custody and providing the father with [*2]parenting time on alternate weekends and at such further times as the parties may agree. The father appeals from both Family Court's written decision and the order entered thereon.[FN1]
"The party seeking to modify an existing custody order is required to demonstrate that a change in circumstances has occurred since the entry thereof to warrant the court undertaking a best interests analysis" (Matter of Charles AA. v Annie BB., 157 AD3d 1037, 1038 [2018] [internal quotation marks, ellipsis and citations omitted]). Although Family Court made no finding regarding whether a change in circumstances had occurred, we may exercise our authority to make that determination upon a review of the record (see Matter of Sweeney v Daub-Stearns, 166 AD3d 1340, 1341 [2018]; Matter of Charles AA. v Annie BB., 157 AD3d at 1038). In that regard, the record and the findings of Family Court establish that, since entry of the existing order, the father no longer had his own residence, had been arrested in the presence of the children on three occasions and was serving a six-month jail sentence for contempt, and the parties were no longer able to communicate effectively for the good of the children because the father had become unwilling to speak with the mother by telephone and only sporadically responded to her text messages. These factors amply demonstrate a change in circumstances (see Matter of Charles AA. v Annie BB., 157 AD3d at 1038-1039; Matter of Damiano v Guzzi, 157 AD3d 1013, 1014 [2018]; Matter of David ZZ. v Suzane A., 152 AD3d 880, 881-882 [2017]; Matter of Gasparro v Edwards, 85 AD3d 1222, 1222-1223 [2011]).
"Turning to the best interests analysis, the factors relevant thereto include maintaining stability in the children's lives, the quality of [the] respective home environments, the length of time the present custody arrangement has been in place, each parent's past performance, relative fitness and ability to provide for and guide the children's intellectual and emotional development, and the effect the award of custody to one parent would have on the children's relationship with the other parent" (Matter of LaBaff v Dennis, 160 AD3d 1096, 1097 [2018] [internal quotation marks and citations omitted]). Family Court found that the mother, who is employed, meets the children's medical, educational and day-to-day needs and provides them with a stable and suitable home environment without assistance from the father. Although Family Court noted the father's concern for the children, it found that his erratic lifestyle failed to provide stability in the children's lives as evidenced, in part, by the arrests that occurred in the presence of the children. The father was unemployed and testified that he spent most weekdays "on the road," traveling through New York and adjoining states "because it made [him] feel better," and that he relied on gifts from family members to support his lifestyle. The father had no home of his own and, upon his release from jail, intended to reside with his father and five younger siblings in a five-bedroom home. We find that the record contains a sound and substantial basis for Family Court's award of sole legal custody to the mother.
The father also contends that Family Court erred by reducing his parenting time. "Family Court has broad discretion in fashioning a parenting schedule that is in the best interests of the child[ren], and it is well settled that the court's findings in this regard are entitled to great [*3]deference unless they lack a sound and substantial basis in the record" (id. at 1097 [internal quotation marks brackets and citations omitted]). In light of the concerns that Family Court expressed about the father's ability to provide the children with stability and a satisfactory home environment, we decline to disturb the parenting schedule fashioned by Family Court, which continues to provide the father with regular and meaningful access to the children (see Matter of John VV. v Hope WW., 163 AD3d 1088, 1091 [2018]; Matter of LaBaff v Dennis, 160 AD3d at 1098; Matter of Coleman v Millington, 140 AD3d 1245, 1247 [2016]).
Garry, P.J., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the appeal from the decision is dismissed, without costs.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The father's appeal from Family Court's November 1, 2017 decision must be dismissed as no appeal lies therefrom (see Family Ct Act § 1112 [a]; CPLR 5512 [a]; Matter of Quick v Glass, 151 AD3d 1318, 1321 n 3 [2017]). However, the arguments raised by the father may be properly reviewed in the context of his appeal from Family Court's order entered October 31, 2017 (see Matter of Quick v Glass, 151 AD3d at 1321 n 3).