Matter of Steven U. v Alisha V. (2022 NY Slip Op 06034)

Matter of Steven U. v Alisha V.

2022 NY Slip Op 06034

Decided on October 27, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 27, 2022

532775
[*1]In the Matter of Steven U., Respondent,
v
Alisha ., Appellant.

Calendar Date:September 7, 2022

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
D.J. & J.A. Cirando, PLLC, Syracuse (John A. Cirando of counsel), for respondent.
Trinidad M. Martin, Glens Falls, attorney for the child.

Ceresia, J.
Appeals from a decision and an order of the Family Court of St. Lawrence County (Cecily L. Morris, J.), entered December 18, 2020, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of the subject child (born in 2015). The parties resided together for most of the first three years of the child's life, until the mother moved out with the child. The father subsequently filed a petition seeking custody of the child, alleging that the mother had not permitted him to see the child in several weeks and expressing concern over the mother's alleged drug use and unstable lifestyle. After apparently finding the mother to be in default, Family Court conducted an inquest [FN1] and ultimately granted the petition. The mother then moved to set aside the default and reopen the proceeding. The court granted the motion, and a fact-finding hearing was held. At the conclusion of the hearing, the court awarded sole legal and primary physical custody to the father, with scheduled parenting time to the mother consisting of alternate weekends during the school year as well as a specific holiday schedule. The mother appeals.[FN2]
The paramount consideration in an initial custody determination is the best interests of the child (see Matter of Mary AA. v Lonnie BB., 204 AD3d 1355, 1355-1356 [3d Dept 2022]; Matter of Amanda YY. v Faisal ZZ., 198 AD3d 1125, 1126 [3d Dept 2021], lv denied 38 NY3d 908 [2022]; Matter of Nicole V. v Jordan U., 192 AD3d 1355, 1355 [3d Dept 2021]). "In conducting a best interests analysis, courts must consider a variety of factors, including the quality of the parents' respective home environments, the need for stability in the child's life, each parent's willingness to promote a positive relationship between the child and the other parent and each parent's past performance, relative fitness and ability to provide for the child's intellectual and emotional development and overall well-being" (Matter of Nicole V. v Jordan U., 192 AD3d at 1355-1356 [internal quotation marks and citations omitted]; see Matter of Mary AA. v Lonnie BB., 204 AD3d at 1356; Matter of Samantha GG. v George HH., 177 AD3d 1139, 1140 [3d Dept 2019]).
The hearing evidence reflects that the father owns a home and maintains steady, full-time employment as a mechanic. Although he had a DWI conviction in 2011, the father has successfully completed substance abuse treatment. The father furnishes health insurance for the child, schedules and attends her doctor's appointments, communicates with her preschool teachers, and provides her transportation to and from preschool and her babysitter's house. The paternal grandmother and the father's friend testified that they provide childcare while the father is working. According to the father, it is his wish that the child maintain a relationship with the mother.
As for the mother[*2], there was evidence at the hearing that after she moved out of the father's home, she was evicted from a residence. She then spent periods of time living with her parents and a friend, eventually securing another place to live. While the mother has employment consisting of two part-time jobs, they do not have set schedules and she has no reliable means of transportation, given that her driver's license is suspended. Despite that, the evidence indicates that the mother continued to drive, including, at times, with the child in the vehicle, although the mother denied this. There was also evidence that the mother relies upon the father for money to pay for food and her cell phone bill, and he has done the mother's laundry for her on occasion.
A caseworker who conducted a child protective investigation at Family Court's behest testified that the mother initially refused two drug tests, and later tested positive for cocaine on one occasion and for amphetamines several months later. The mother stated that she had a prescription for suboxone, an anti-opioid medication, and admitted to concealing her use of illegal drugs from her family. According to the father, he observed the mother in possession of drug paraphernalia and saw her abusing Ritalin, suboxone and other drugs on a daily basis when they lived together, including in front of the child. The father testified that he reported this behavior to a caseworker and asked the mother to stop.
In view of the foregoing evidence, and deferring to Family Court's evaluation of the testimony and assessment of witness credibility, we find that the determination to award sole legal and primary physical custody to the father, with parenting time for the mother, is supported by a sound and substantial basis in the record (see Matter of Mary AA. v Lonnie BB., 204 AD3d at 1356; Matter of Amanda YY. v Faisal ZZ., 198 AD3d at 1126).[FN3] With particular respect to the issue of legal custody, we find the decision not to grant joint legal custody to be rationally based, inasmuch as the record makes clear the parties' inability and unwillingness to communicate (see Matter of Amanda YY. v Faisal ZZ., 198 AD3d at 1126; Matter of Samantha GG. v George HH., 177 AD3d at 1140). To that end, we note that there is evidence that the parties' communications were inappropriate and uncivil; that the father had difficulty locating the mother and child at times when the child was in the mother's care; that the mother had refused to give the child back to the father on multiple occasions, resulting in police intervention; and that the mother had, in one instance, given the father a bloody nose when she cornered him as he was trying to leave.
Notwithstanding our foregoing conclusions, we will exercise our independent review power to modify the parenting schedule in one respect (see Benjamin V. v Shantika W., 207 AD3d 1017, 1021 [3d Dept 2022]). Family Court fashioned a detailed schedule for the school year, but was silent with regard [*3]to provisions for the summer months. We find it appropriate, on the record before us, to extend the school year schedule, providing for parenting time for the mother on alternate weekends through the summer as well. To the extent not expressly addressed herein, the mother's remaining contentions, including her claim of ineffective assistance of counsel, have been considered and found to be without merit.
Clark, J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeal from the decision is dismissed, without costs.
ORDERED that the order is modified, on the law and the facts, without costs, by extending respondent's parenting time on alternate weekends through the summer months; and, as so modified, affirmed.

Footnotes

Footnote 1: The mother did not appear at the inquest.

Footnote 2: The mother's notice of appeal references both Family Court's decision and its corresponding order, entered on the same day, but the decision is a nonappealable paper (see CPLR 5512 [a]). Accordingly, the appeal from the decision is dismissed (see Matter of Quick v Glass, 151 AD3d 1318, 1319 n 3 [3d Dept 2017]).

Footnote 3: In so concluding, we note that the attorney for the child supports this determination.